IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| THE MUHLER COMPANY, INC., individually and as assignee of Window World of North Charleston, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 2:17-cv-01200-DCN |
| vs. | ) ) | **ORDER** |
| STATE FARM FIRE & CASUALTY CO., | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on defendant State Farm Fire & Casualty Co's ("State Farm") motion to reconsider or for clarification, ECF No. 37. In addition, the court previously granted in part and denied in part Muhler's motion to compel based on attorney-client privilege issues, and it now considers the remaining portion of the motion to compel based on the work product doctrine pursuant to State Farm's supplemental briefing, ECF No. 38. For the reasons set forth below, the court grants the motion to reconsider or for clarification and further grants in part and denies in part the remaining portion of the motion to compel.

## I. BACKGROUND

The relevant facts of this case can be found in the court's previous order on Muhler's motion to compel. ECF No. 36. Muhler filed its second motion to compel on February 12, 2018. ECF No. 26. State Farm opposed the motion, citing attorney-client privilege and work product doctrine. ECF No. 27 at 1. The court granted in part and denied in part the motion to compel on September 25, 2018, identifying which documents

1

were or were not subject to attorney-client privilege. ECF No. 36 at 13–18. The court also instructed State Farm to submit supplemental briefing on the documents that it withheld on the basis of the work product doctrine because despite raising the protection of the work product doctrine, neither party substantively argued why the documents were or were not protected by the work product doctrine.

State Farm submitted its supplemental brief on November 7, 2018. ECF No. 38. On the same day, State Farm also filed a motion for reconsideration or for clarification. ECF No. 37. Muhler responded to both the supplemental brief and the motion on December 12, 2018. ECF No. 41. State Farm replied to both on January 4, 2019. ECF No. 44. On April 5, 2019, the court issued an order taking the motion to reconsider under advisement and requesting supplemental briefing on an issue raised in the motion to reconsider. ECF No. 47. Muhler submitted a supplemental brief on April 18, 2019. ECF No. 50. State Farm responded on May 1, 2019, ECF No. 51, and Muhler replied on May 8, 2019, ECF No. 52. Now the motion to reconsider or for clarification and the remaining portion of the motion to compel are ripe for review.

## II. DISCUSSION

### A. Motion to Reconsider or for Clarification

In its motion for reconsideration or for clarification, State Farm raises two main issues. First, State Farm argues that the court improperly raised the at-issue exception to attorney-client privilege sua sponte and reserved its ruling on documents that may be subject to the exception.[1] Second, State Farm contends that it is unclear over which

---

[1] The court reserved its ruling on these documents because the question of whether South Carolina law recognizes the at-issue exception to attorney-client privilege is currently before the Supreme Court of South Carolina.

2

documents the court reserved its ruling. Based on Muhler's response to this argument and upon further review of the issue, the court determined that it needed Muhler to clarify whether or not Muhler was actually contesting the privilege of documents containing communication between State Farm and its coverage counsel, which would implicate the at-issue exception. The source of this uncertainty is explained in greater detail in the court's April 5, 2019 order, but in short, the uncertainty was based on Muhler challenging entries in State Farm's privilege log that contained communication between State Farm and its coverage counsel.

In supplemental briefing, Muhler subsequently clarified that it does not challenge the claimed attorney-client privilege between State Farm and its coverage counsel. Muhler explained that it inadvertently included two of the privilege log entries containing these communications in its list of challenged entries. Muhler also explained the other entries containing communications with coverage counsel that it challenged were not meant to challenge the portions of the document containing that communication. Muhler went on to explain that it "was and is amenable to the Court's inquiry" into the at-issue exception, ECF No. 50 at 2; however, because Muhler does not challenge the privilege of communication between State Farm and its coverage counsel, the court declines to consider the application of the at-issue exception here. As a result, the court vacates the portion of its September 25, 2018 order discussing the at-issue exception, and State Farm need not produce privilege log entries 85, 154, and the portions of entries 4, 11, 16, 17,

19, 28, 29, 32, 35, 38, 42, 44, 47, 48, 212, 246, and 250 that contain communications with State Farm's coverage counsel.

### B. Work Product Doctrine

State Farm asserts that various documents for which Muhler seeks to compel production are protected by the work product doctrine. Federal law governs the work product doctrine. State Farm Fire & Cas. Co. v. Admiral Ins. Co., 225 F. Supp. 3d 474, 483 (D.S.C. 2016). The doctrine protects from discovery any "documents and tangible things that are prepared in anticipation of litigation or for trial by or for [a] party or its representative (including the . . . party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The party claiming work product protection has the burden of establishing entitlement to the protection. In re Martin Marietta Corp., 856 F.2d 619, 626 (4th Cir. 1988).

"The application of the work product doctrine is particularly difficult in the context of insurance claims." Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 536, 541–42 (N.D.W. Va. 2000). "[I]nsurance companies have a duty to investigate, evaluate, and adjust claims made by their insureds. The creation of documents during this process is part of the ordinary course of business of insurance companies, and the fact that litigation is pending or may eventually ensue does not cloak such documents with work-product protection." HSS Enters., LLC v. Amco Ins. Co., 2008 WL 163669, at *4 (W.D. Wash. Jan.14, 2008) (internal citation omitted). "Because an insurance company has a duty in the ordinary course of business to investigate and evaluate claims made by its insureds, the claims files containing such documents usually cannot be entitled to work product protection." Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins.

4

Cos., 123 F.R.D. 198, 202 (M.D.N.C. 1988); see also St. Paul Reinsurance Co. v. Commercial Fin. Corp., 197 F.R.D. 620, 636 (N.D. Iowa 2000) ("[A]n insurer's investigation of whether coverage exists is required and the conduct of that much of its investigation is assuredly in the ordinary course of its business, not 'in anticipation of litigation.'").

For the work product doctrine to apply in the insurance context, "[t]he document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). Indeed, "insurance claim files generated in relation to investigating and defending against third-party claims are generally considered work-product because they were clearly prepared for the purposes of the underlying litigation, rather than in the insurer's ordinary course of business." Smith v. Scottsdale Ins. Co., 40 F. Supp. 3d 704, 720 (N.D.W. Va. 2014), aff'd, 2014 WL 4199207 (N.D.W. Va. Aug. 22, 2014), and aff'd, 621 F. App'x 743 (4th Cir. 2015). The proponent of work product protection must establish that the "driving force behind the preparation of each requested document" is the prospect of litigation. Id. An insurer may claim the protection of work product doctrine without the existence of an attorney-client relationship. State Farm Fire & Cas. Co., 225 F. Supp. 3d at 483.

There are two types of work product: fact work product and opinion work product. In re Allen, 106 F.3d 582, 607 (4th Cir. 1997). "Fact work product can be discovered upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." In re

5

Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991, 33 F.3d 342, 348 (4th Cir. 1994). In contrast, opinion work product "is even more scrupulously protected as it represents the actual thoughts and impressions of the attorney." Id.

State Farm argues that certain documents contain both opinion and/or fact work product and therefore protected by the work product doctrine. In response, Muhler argues that the documents should be produced pursuant to two exceptions. First, Muhler argues that in the context of bad-faith insurance litigation, opinion work product is not protected because the mental impressions of counsel are at issue. In the alternative, Muhler argues that State Farm's documents that contain fact work product should be produced because Muhler has a substantial need for them and there is no substantial equivalent to these documents. The court finds that neither exception applies here.

### a. At-Issue Exception to Work Product Doctrine

"[O]pinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." In re Allen, 106 F.3d at 607 (internal quotations omitted). The Fourth Circuit declined to recognize an exception for discovery of opinion work product from an earlier, terminated lawsuit that contained an "operative fact" in a subsequent lawsuit, or in other words, a general at-issue exception to work product protection. Duplan Corp. v. Moulinage et Retorderie de Chavanoz, 509 F.2d 730, 735 (4th Cir. 1974); see also Washington v. Follin, 2016 WL 1614166, at *14 n.37 (D.S.C. Apr. 22, 2016) (explaining that the Fourth Circuit has not recognized the at-issue exception to the work product doctrine). However, since Duplan, some district courts within the Fourth Circuit have permitted discovery of opinion work product under the at-issue exception in bad faith insurance actions. See Charlotte Motor

Speedway, Inc. v. Int'l Ins. Co., 125 F.R.D. 127, 131 (M.D.N.C. 1989) (applying the at-issue exception for settlement documents that were claimed as work product because whether the insurance company reached the settlement agreement in good faith was directly in issue); MAG Mut. Ins. Co. v. Brown, 2015 WL 13648556, at *15 (D.S.C. July 24, 2015) ("Courts have held that when the activities of counsel are directly at issue in a case, documents relevant to those activities are discoverable, even though they are work product."); Liberty Mut. Fire Ins. Co. v. J.T. Walker Indus., Inc., 2010 WL 1345287, at *9 (D.S.C. Mar. 30, 2010), modified, 817 F. Supp. 2d 784 (D.S.C. 2011) (ordering production of "internal opinion work product to the extent it is relevant to MI Window's bad faith claim").

For example, in Charlotte Motor Speedway, Inc., Charlotte Motor Speedway entered into a directors' and officers' liability insurance policy with the defendant. 125 F.R.D. at 128. Charlotte Motor Speedway subsequently merged with another company, and the resulting entity was the plaintiff. Minority shareholders objected to the merger and filed a federal securities action and state court appraisal action against Charlotte Motor Speedway and several others who were involved in the merger. The plaintiff subsequently settled the two shareholder actions and then brought an action against the defendant to recover the amount paid in settlement and defense of the actions. The defendant contested whether it was obligated to do so and sought discovery of opinion work product relevant to the settlement agreement. Id. at 129. The U.S. District Court for the Middle District of North Carolina agreed that the opinion work product should be produced because "the discovery of the nature of these activities of counsel goes to whether [the plaintiff] met its obligations under the Policy in constructing the settlement

agreement and whether it reached the agreement in good faith." Id. at 130. The court distinguished Duplan by explaining that "the activities and advice of counsel was not an issue in . . . Duplan. In the instant case, the activities and advice of Plaintiff's counsel in the settlement of the underlying action are inextricably interwoven with the issue of International's liability under the Policy." 125 F.R.D. at 130. Other courts that have applied the at-issue exception have done so when the party claiming work product protection relies or represents that it is going to rely on the work product in proving its claim. See, e.g., Liberty Mut. Fire Ins. Co., 2010 WL 1345287, at *9 (finding that "Liberty Mutual is entitled to discovery of the Gary Law Group's internal opinion work product to the extent it is relevant to MI Window's bad faith claim or helped to form the basis for any of Gary's opinions on the reasonableness of the settlements in the underlying cases" because "MI Windows represented at the hearing that it intended to rely upon Gary's opinions in proving its bad faith claim, putting these opinions at issue").

However, some courts have not been so willing to apply an at-issue exception to opinion work product. In Smith v. Scottsdale Ins. Co., the magistrate judge in the Northern District of West Virginia explained that "courts in this Circuit generally reject the contention that an action against an insurance company is necessarily such a claim [that puts the opinions of counsel directly at issue] because the conduct and decisions at issue are those of the insurer, rather than those of the attorneys analyzing the claim upon which the agents may have based their ultimate decisions." 40 F. Supp. 3d at 725 (emphasis in original). Indeed, the Fourth Circuit has explained that when an insurer "is not attempt[ing] to use a pure mental impression or legal theory as a sword and as a shield in the trial of a case," then the plaintiff "has not demonstrated extraordinary

8

circumstances to overcome the nearly absolute immunity afforded to opinion work product." Smith v. Scottsdale Ins. Co., 621 F. App'x 743, 746–47 (4th Cir. 2015) (internal citations omitted). The plaintiff in Smith argued that opinion work product was at issue in the case "because of the intimacy of the involvement of the attorneys and adjusters" in the court of the underlying litigation. Id. at 746. However, the Fourth Circuit noted that the insurance company "never contended that it relied upon counsel's opinions in refusing to settle" and "consistently asserted that it made the decision based on its own conclusions and [it's insured] decision, which was not made on the advice of counsel," meaning that the opinion work product was not at issue. Id.

The issue here is whether State Farm improperly disclaimed coverage and withdrew of its defense of Window World. Muhler asserts that "the details, considerations, and reasoning behind [State Farm]'s decision to withdraw the defense of its insured are essential to proving or disproving [Muhler]'s claims." ECF No. 41 at 4. However, this assertion highlights the point made in Smith, 40 F. Supp. 3d at 725. It was State Farm's decision to disclaim coverage and withdraw defense, not the attorney who was hired to represent the insured in the underlying claim. Moreover, State Farm has not asserted that it based its decision to do so on advice of counsel. This case is not like Charlotte Motor Speedway, Inc. and Liberty Mut. Fire Ins. Co. in which the plaintiff was contesting the reasonableness of settlements, which attorneys are clearly intimately involved in. Instead, this case involves State Farm's decision making about coverage and defense issues. Therefore, the court finds that an at-issue exception to the work product doctrine does not apply here.

9

### b. Fact Work Product

Muhler argues in the alternative that all fact work product must be produced because Muhler has a substantial need for the information and does not have the ability to obtain a substantial equivalent without undue hardship. Fact work product may be discoverable if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). "This burden is a difficult one and is satisfied only in rare situations, such as those involving witness unavailability." Smith, 40 F. Supp. 3d at 721 (citing Bartlett v. State Farm Mut. Auto. Ins., 206 F.R.D. 623, 628 (S.D. Ind. 2002)).

Here, Muhler simply states that "[t]here is no substantial equivalent to these documents, and allowing State Farm to raise its immunity over the documents would create a substantial hardship for Muhler in the preparation of its case." ECF No. 41 at 5. This explanation is unconvincing. "[A] blanket assertion that the documents are needed to show Defendant's bad faith and discriminatory intent is simply not sufficient to overcome work-product protection." Smith, 40 F. Supp. 3d at 723. "While arguably it may be more difficult to prove a claim of bad faith failure to settle without examining an insurance company's claims file, that does not mean it is impossible." Bartlett, 206 F.R.D. at 629. There could be other ways of obtaining the information in the claim files. For example, plaintiff could "thoroughly depose and examine [State Farm's] adjuster to find out all of his actions and decisions leading to the denial of the claim." Bartlett, 206 F.R.D. at 629. Muhler has not explained how it would be unable to obtain the information it needs through other sources. Without any further explanation as to why

this fact work product should be produced, the court finds that Muhler did not meet its burden, and this exception does not apply here.

### C. Documents to be Produced or Withheld Based on Work Product

The court will now provide a list of the documents addressed in State Farm's supplemental briefing on work product for which Muhler's motion to compel is granted and for which Muhler's motion to compel is denied.[2] If the motion to compel is granted for a document, State Farm must produce the document in its entirety without redactions. If the motion to compel is denied for a document, that State Farm must treat the document as it originally planned to do, i.e., withhold the entire document or produce it in redacted form.[3]

#### 1. State Farm Internal Log Notes

State Farm argues that the following internal log notes are protected work product. Beyond arguing that certain exceptions apply to the claimed work product, which the court determined do not apply here, Muhler does not contest that these documents are work product. Because Muhler does not contest this designation, Muhler's motion to compel is denied as to the following documents: Muhler SF 025 (Entry 4); Muhler SF 029 (Entry 6); Muhler SF 030 (Entry 8); Muher SF 031–32 (Entry 10); Muhler SF 032 (Entry 11); Muhler SF 033–34 (Entry 13); Muhler SF 034 (Entry

---

[2] The court acknowledges that State Farm notes its disagreement with several of the court's rulings on privilege. However, this supplemental briefing was not an opportunity for State Farm to ask the court to reconsider its rulings on privilege; therefore, the court's rulings on privilege from its previous order stand.

[3] Should there be any confusion about the court's ruling on an individual document, the court strongly encourages the parties to resolve the issue amongst themselves. The court has already spent considerable time and resources on this discovery dispute that involved the individual review of over 200 documents.

14); Muhler SF 034–35 (Entry 16); Muhler SF 036 (Entry 17); Muhler SF 037 (Entry 19); Muhler SF 037–38 (Entry 20); Muhler SF 038 (Entry 21); Muhler SF 040 (Entry 23); Muhler SF 040–41 (Entry 24); Muhler SF 044–45 (Entry 29); Muhler SF 046 (Entry 30); Muhler SF 047 (Entry 32); Muhler SF 048 (Entry 34); Munler SF 049 (Entry 35); Muhler SF 049 (Entry 36); Muhler SF 049 (Entry 37); Muhler SF 050 (Entry 38); Muhler SF 051 (Entry 39–41); Muhler SF 052 (Entry 42); Muhler SF 056–57 (Entry 47–49); Muhler SF 058 (Entry 50); and Muhler 058–59 (Entry 51–52).

State Farm does not argue that Muhler SF 023 (Entry 3) is protected work product. Upon review of the redacted portion of the document, the court determines that the redacted material is not privileged. Therefore, the court grants the motion to compel as to Muhler SF 023.

### 2. State Farm's New Suit Memo

Upon review of State Farm's New Suit Memo, Muhler SF 1201–07 (Entry 156), the court denies Muhler's motion to compel as to this document.

### 3. Documents Designated as Work Product

The court denies Muhler's motion to compel as to the following documents. The court previously ordered the documents' production because the court found that they were not attorney-client privileged. However, State Farm now argues that they are protected work product under the common interest doctrine, and Muhler does not argue otherwise: Muhler SF 102, 112, 120 (Entry 56); Muhler SF 129–30 (Entry 59); MUHLER00000449PRIV–MUHLER00000450PRIV (Entry 328); MUHLER00000451PRIV–MUHLER00000452PRIV (Entry 329); Muhler SF 147–51 (Entry 64); MUHLER00000265PRIV– MUHLER00000269PRIV (Entry 270);

MUHLER00000293PRIV (Entry 275); Muhler SF 152 (Entry 65);

MUHLER00000128PRIV (Entry 226); Muhler SF 351–52 (Entry 80);

MUHLER00000034PRIV–MUHLER00000035PRIV (Entry 198);

MUHLER00000026PRIV–MUHLER00000027PRIV (Entry 195);

MUHLER00000007PRIV–MUHLER00000008PRIV (Entry 189); Muhler SF 723 (Entry 120); MUHLER00000033PRIV (Entry 197); MUHLER00000016PRIV (Entry 191);

MUHLER00000036PRIV (Entry 199); MUHLER00000289PROD (Entry 173);

MUHLER00000017PRIV–MUHLER00000019PRIV (Entry 192);

MUHLER00000380PRIV (Entry 302); Muhler SF 720–22 (Entry 119);

MUHLER00000058PRIV– MUHLER00000060PRIV (Entry 210); Muhler SF 1151–52 (Entry 152); and MUHLER00000232PRIV– MUHLER00000233PRIV (Entry 262).

### 4. Documents Not Previously Designated as Work Product

State Farm argues in its supplemental briefing that the following documents are work product; however, these documents are not designated as work product in State Farm's privilege log. The court specifically instructed State Farm to provide supplemental briefing on "any challenged documents that State Farm designated as work product in its privilege log." ECF No. 36 at 22. Because these documents were not previously designated as work product, State Farm cannot now argue that they are work product. The court previously ordered their production; therefore, Muhler's motion to compel as to these documents is granted: Muhler SF 214 (Entry 79);

MUHLER00000640PROD (Entry 181); Muhler SF 356 (Entry 83);

MUHLER00000052PROD (Entry 158); Muhler SF 658 (Entry 115); Muhler SF 704 (Entry 117); MUHLER00000056PROD (Entry 159); Muhler SF 776 (Entry 121);

MUHLER00000325PROD (Entry 176); Muhler SF 789 (Entry 123);

MUHLER00000065PROD (Entry 160); Muhler SF 804 (Entry 124);

MUHLER00000130PROD (Entry 163); Muhler SF 829 (Entry 126);

MUHLER00000148PROD (Entry 165); Muhler SF 839 (Entry 127);

MUHLER00000139PROD (Entry 164); Muhler SF 856 (Entry 129); Muhler SF 969 (Entry 133); MUHLER00000244PROD (Entry 172); MUHLER00000290PROD (Entry 174, 175); MUHLER00000082PROD (Entry 161); and Muhler SF 1071 (Entry 142).

The following documents were not designated as work product on State Farm's privilege log. These documents exist in identical form elsewhere on the privilege log, and the identical yet differently labelled documents were claimed as work product. While the court understands the inconsistency of granting Muhler's motion as to a document with one Bates number and denying the motion as to the same document with a different Bates number, State Farm designated the same document inconsistently. Because the following documents were not designated as work product, the court grants Muhler's motion to compel as to the following: Muhler SF 372 (Entry 89); Muhler SF 525, Muhler SF 528, Muhler SF 531, Muhler SF 553 (Entry 101); Muhler SF 566 (Entry 103); Muhler SF 573 (Entry 104); Muhler SF 582 (Entry 105); Muhler SF 610 (Entry 109); Muhler SF 952 (Entry 132); Muhler SF 984 (Entry 134); Muhler SF 1044 (Entry 139); Muhler SF 1069 (Entry 141); Muhler SF 205 (Entry 74); Muhler SF 353–54 (Entry 81); MUHLER00000157PROD (Entry 166); MUHLER00000160PROD–MUHLER00000161PROD (Entry 167); MUHLER00000193PROD–MUHLER00000194PROD (Entry 171); MUHLER00000166PROD (Entry 168); and MUHLER00000190PROD (Entry 170).

### 5. Documents Designated as Work Product and Previously Found to be Privileged

Because the following documents were already found to be privileged, the court denies Muhler's motion to compel as to the following documents: Muhler SF 915 (Entry 131); MUHLER00000055PRIV (Entry 207); Muhler SF 998 (Entry 136); MUHLER00000052PRIV (Entry 205); Muhler SF 1027 (Entry 137); MUHLER00000374PRIV (Entry 299); MUHLER00000321PRIV (Entry 287); MUHLER00000342PRIV (Entry 289); Muhler SF 1082–99 (Entry 143); MUHLER00000322PRIV–MUHLER00000341PRIV (Entry 288); Muhler SF 1121 (Entry 148); MUHLER00000177PRIV (Entry 242); Muhler SF 1149 (Entry 151); MUHLER00000216PRIV (Entry 254); Muhler SF 360 (Entry 84); MUHLER00000049PRIV (Entry 202); Muhler SF 366 (Entry 86); MUHLER00000053PRIV–MUHLER00000054PRIV (Entry 206); MUHLER00000314PRIV (Entry 282); MUHLER00000389PRIV (Entry 305); Muhler SF 519–24 (Entry 100); MUHLER00000387PRIV– MUHLER00000388PRIV (Entry 304); MUHLER00000403PRIV (Entry 311); and MUHLER00000416PRIV–MUHLER00000417PRIV (Entry 316).

The court notes that it found MUHLER00000455PRIV–MUHLER00000456PRIV (part of Entry 331) to be not privileged in its previous order. The court stands by this ruling; however, the court inadvertently did not address the rest of Entry 331, MUHLER00000457PRIV– MUHLER00000462PRIV. The court finds this portion of Entry 331 to be attorney-client privileged.

### 6. Attorney Ford's Transmittal Emails

The only type of document for which Muhler disputes the work product status is correspondence that transmits documents to or from Attorney Ford, the attorney who State Farm hired to represent Window World in the underlying suit. ECF No. 26-1 at 4. "Correspondence that merely transmit [sic] documents to or from an attorney, even at the attorney's request for purposes of rendering legal advice to a client, are neither privileged nor attorney work product." Hege v. Aegon USA, LLC, 2011 WL 1791883, at *5 (D.S.C. May 10, 2011). Indeed, "mere transmittal letters that contained no attorney impressions or strategy, but merely transmitted without any substantive comment" are not protected work product. Minter v. Liberty Mut. Fire Ins. Co., 2012 WL 2430471, at *3 (W.D. Ky. June 26, 2012) (emphasis added). The following documents were found to be not privileged and therefore ordered to be produced. In considering whether these documents are protected work product, the court finds that the following transmittal documents contain no substantive comment, are not protected work product, and must be produced: MUHLER00000371PRIV- MUHLER00000372PRIV (Entry 297); MUHLER00000397PRIV (Entry 308); MUHLER00000057PRIV (Entry 209); and MUHLER00000051PRIV (Entry 204).

The following documents are protected work product and need not be produced: MUHLER00000471PRIV (Entry 337); MUHLER00000390PRIV– MUHLER00000304PRIV (Entry 279); Muhler SF 397 (Entry 94); MUHLER00000197PRIV (Entry 251); MUHLER00000373PRIV (Entry 298); MUHLER00000369PRIV (Entry 296); MUHLER00000424PRIV (Entry 319); MUHLER00000392PRIV (Entry 306); MUHLER00000399PRIV (Entry 310);

MUHLER00000406PRIV– MUHLER00000408PRIV (Entry 313);

MUHLER00000429PRIV (Entry 324); MUHLER00000464PRIV (Entry 333);

MUHLER00000465PRIV (Entry 334); MUHLER00000472PRIV (Entry 338);

MUHLER00000474PRIV (Entry 340); MUHLER00000475PRIV (Entry 341); and

Muhler SF 993 (last page of Entry 135).

**7. Attorney Ford's Legal Invoices and Emails Transmitting the Same**

Because Muhler does not contest whether Attorney Ford's legal invoices are work product, the court denies Muhler's motion to compel as to these documents. Muhler does contest the protected work product status as to transmittal emails, and upon further review, the court grants Muhler's motion to compel as to the emails transmitting the legal invoices as they contain no substantive comment.

### III. CONCLUSION

For the foregoing reasons the court **GRANTS** in part and **DENIES** in part the motion to compel and **GRANTS** the motion to reconsider or for clarification.

**AND IT IS SO ORDERED.**

                        **DAVID C. NORTON**
                        **UNITED STATES DISTRICT JUDGE**

**June 10, 2019**
**Charleston, South Carolina**